## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 11, 2014                517968
_____

In the Matter of ALTON C.
    HUTCHINSON,
                      Appellant,

        v                                MEMORANDUM AND ORDER

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
                      Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Stein, J.P., McCarthy, Garry, Rose and Clark, JJ.

_____

        Alton C. Hutchinson, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

_____

        Appeal from an amended judgment of the Supreme Court
(Lynch, J.), entered July 3, 2013 in Albany County, which
dismissed petitioner's application, in a proceeding pursuant to
CPLR article 78, to review a determination of the Central Office
Review Committee denying petitioner's grievance.

        The facts underlying this proceeding are more fully set
forth in a prior decision of this Court (Matter of Hutchinson v
Fischer, 112 AD3d 1245, 1245 [2013], lv denied 23 NY3d 903
[2014]).  Briefly, petitioner is a prison inmate who settled a
federal civil rights action for $7,500, and the Office of Victim
Services was notified by the Department of Corrections and
Community Supervision of that fact.  Petitioner filed two inmate
grievances alleging that the notification was improper, and we

found that the denial of the first grievance was rational (id. at 1245-1246).  This CPLR article 78 proceeding deals with the second grievance, in which petitioner pointed out that notification was only required for "the imminent payment of a federal civil rights compensatory damages award" and argued that a settlement did not constitute such an award (Dept of Corr & Community Supervision Directive No. 4036 [IV] [A]; see Pub L 104-134, tit VIII, § 808, 110 Stat 1321 [termed the "Prison Litigation Reform Act of 1995"]).  The Central Office Review Committee (hereinafter CORC) denied that grievance, and Supreme Court dismissed the present challenge to its determination. Petitioner now appeals.

We affirm.  Contrary to petitioner's assertion, CORC rejected his argument that his settlement fell outside the scope of the reporting requirement set forth by Department of Corrections and Community Supervision Directive No. 4036.  To the extent that the merits of that argument are properly before us, the directive is based in relevant part upon a federal law requiring that reasonable efforts be made to give notice to victims whenever compensatory damages are "awarded to a prisoner in connection with a civil action brought against" correction officials (Pub L 104-134, tit VIII, § 808, 110 Stat 1321 [termed the "Prison Litigation Reform Act of 1995"]).  The settlement here was recovered in connection with such an action and, thus, CORC rationally determined that it constituted the "payment of a federal civil rights compensatory damages award" such as to trigger the reporting requirements of the directive (Dept of Corr & Community Supervision Directive No. 4036 [IV] [A]; see Matter of Hutchinson v Fischer, 112 AD3d at 1246).  CORC further noted, correctly, that denial of the grievance was warranted because "there is nothing in the law that prohibits the reporting of any monetary settlement" (see Matter of Hutchinson v Fischer, 112 AD3d at 1246).

Stein, J.P., McCarthy, Garry, Rose and Clark, JJ., concur.

ORDERED that the amended judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court